IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY L. ELY,

        Plaintiff,

vs.                               Case No. 09-4115-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

Plaintiff filed a motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA) (Doc. 16). The motion has been fully briefed by the parties.

**I. General legal standards**

The EAJA provides for an award of attorney fees to a prevailing party in a suit against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir.1991). Under the EAJA, a prevailing party is one who has succeeded on any significant issue in litigation which achieved some of the benefit sought in bringing suit. Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782,

1

791-92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989).

The Commissioner bears the burden to show that his position was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir.1995). However, the party seeking the fees has the burden to show that both the hourly rate and the number of hours expended is reasonable in the circumstances. Hensley v. Eckerhart, 461 U.S. 424, 433-34, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Sommerville v. Astrue, 555 F. Supp.2d 1251, 1253 (D. Kan. 2008).

**II. Was the position of the Commissioner substantially justified?**

The only issue raised by the Commissioner in their brief was that attorney fees should not be awarded under the EAJA because of the Commissioner's contention that the position of the government was substantially justified. The Commissioner indicates that should the court determine that the Commissioner's actions were not substantially justified, the Commissioner agrees that the amount of attorney fees requested is reasonable. The Commissioner also indicates that they do not object to the award of costs of $350.00.

As noted above, the Commissioner has the burden of proof to show that his position is substantially justified. The test for substantial justification in the 10th Circuit is one of reasonableness in law and fact. Thus, the government's position

must be justified to a degree that could satisfy a reasonable person. The government's position can be justified even though it is not correct. Hackett v. Barnhart, 745 F.3d 1166, 1172 (10th Cir. 2007).

The court will set forth the factual history of this case. According to plaintiff's complaint, plaintiff filed an application for social security benefits under both Title II and Title XVI on September 29, 2005. Plaintiff alleged an onset date of July 19, 2003. Following a hearing before an administrative law judge (ALJ), the ALJ rendered an unfavorable decision on December 12, 2008. The request for review was denied by the Appeals Council on June 15, 2009. Plaintiff filed his complaint with this court on August 10, 2009. Plaintiff alleged in their complaint that the defendant erred in numerous particulars: 1) the ALJ failed to properly evaluate the medical evidence, including the opinions of treating and examining sources, 2) the ALJ erred in his evaluation of the legal standard for drug and alcohol addiction, 3) the ALJ's credibility determinations were not supported by substantial evidence, 4) the RFC findings were internally inconsistent and not supported by the record as a whole, and 5) substantial evidence did not support the ALJ's finding that plaintiff is capable of performing other work that exists in significant numbers in the national economy (Doc. 1).

On October 19, 2009, the government, prior to filing an

answer and the record of the case, filed a motion for a sentence six remand (Doc. 11). The reason for the sentence six remand was that:

> Specifically, significant portions of the medical expert's testimony at the supplemental hearing were inaudible.

(Doc. 11 at 1-2). Plaintiff agreed to remand the case, and the court issued an order on October 26, 2009 granting the motion to remand the case, pursuant to sentence six, for further hearing (Doc. 12).

On November 1, 2010, ALJ Edmund C. Werre issued his decision (Doc. 14-1). The ALJ noted that plaintiff had amended his onset date to June 25, 2005. The ALJ found that plaintiff has been disabled from June 25, 2005 through the date of the decision (Doc. 14-1 at 5). ALJ Werre indicated that Dr. Richad Kaspar, a licensed psychologist, testified as an impartial medical expert at a hearing on September 20, 2010 (Doc. 14-1 at 5, 8). The ALJ gave "great weight" to his opinion that plaintiff's impairments met listed impairment 12.04 (affective disorders) since June 2005 (Doc. 14-1 at 8).

On May 19, 2011, defendant filed their report to the court and made a motion to dismiss and for entry of final judgment (Doc. 14). An agreed order of final judgment was entered by the court on May 24, 2011 (Doc. 15).

In the case of <u>Hackett v. Barnhart</u>, 475 F.3d 1166, 1172

(10th Cir. 2007), the court set forth the EAJA's definition of "position of the United States" as follows:

> As defined by EAJA, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). The statute further provides that "[w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." Id. § 2412(d)(1)(B).

The Commissioner argues in their response to the motion for an award of attorney fees under EAJA that "the record at the time of the ALJ's decision on December 12, 2008, was such that a reasonable person could have agreed with the position of the Commissioner that plaintiff was not disabled as defined in the Act" (Doc. 17 at 3). The Commissioner further argues that it acted reasonably in asking for a remand so that a complete record could be prepared (Doc. 17 at 4).

As set forth above, the Commissioner had the burden of proof to show that his position was substantially justified. However, the Commissioner did not provide to the court either the ALJ decision of December 12, 2008, or the record before the ALJ when he made his decision. The only part of the record that was provided to the court was the 2nd ALJ decision dated November 1,

2010, in which the ALJ found plaintiff disabled since June 25, 2005 based on evidence provided at a hearing held on September 20, 2010.  Without a copy of the ALJ decision of December 12, 2008, or the record before the ALJ when he issued this decision, or any evidence regarding the basis for the ALJ decision of December 12, 2008, the court is in no position to make a determination of whether, at the time of the ALJ decision of December 12, 2008, a reasonable person could have agreed with the Commissioner that plaintiff was not disabled from July 19, 2003 through December 12, 2008.  The Commissioner has clearly failed to meet his burden of proof to show that his position in denying disability benefits on December 12, 2008 was substantially justified.

The Commissioner argues that both its prelitigation conduct (i.e., the ALJ decision of December 12, 2008), and its litigation conduct was reasonable.  Although the Commissioner failed to meet his burden of proof to show that his prelitigation conduct was substantially justified, the court finds that the Commissioner's litigation position, to request a sentence six remand because testimony at the hearing was inaudible, was substantially justified or reasonable.  However, EAJA fees generally should be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigating position may have been substantially justified (and vice versa).  Hackett,

475 F.3d at 1174.  Given the government's burden of proof to show that its prelitigation position was substantially justified, and its failure to provide any evidence, including the record and the ALJ decision from 2008, to demonstrate that its prelitigation position was substantially justified, the court finds that the Commissioner has not met his burden of proving that his position was substantially justified.[1]

    Plaintiff indicates that 6.1 hours was spent by counsel in work on the district court portion of the case, plus an additional 2.25 hours responding to defendant's response in opposition to the motion for attorney fees under EAJA.  Plaintiff requests compensation at the rate of $172.23 an hour.  Defendant has indicated that should the court determine that the Commissioner's actions were not substantially justified, defendant indicated that the amount originally requested (6.1 hours at $172.23 an hour) was reasonable.  The court finds both

---

[1] In <u>Hackett</u>, the court held that the general rule is that EAJA fees should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.  However, the court noted that this is only a general rule, and the court indicated that it was not stating categorically that a reasonable litigation position can never cure an unreasonable agency action.  475 F.3d at 1174. However, the Commissioner does not advance an argument that its reasonable litigation position cured any unreasonable agency action, and therefore this issue will not be addressed by the court.  Even had the Commissioner advanced this argument in the case before the court, the failure to provide any evidence of the prelitigation conduct would make it difficult to argue that the litigation conduct "cured" an unreasonable agency action.

the original request of 6.1 hours, and the supplemental request for an additional 2.25 hours (both at the rate of $172.23) is quite reasonable in this case. The court therefore finds that 8.35 hours was reasonably expended in presenting this case before the court. Therefore, a reasonable attorney fee pursuant to the EAJA is $1,438.12 (8.35 x 172.23).

Plaintiff also seeks reimbursement for the filing fee of $350.00; defendant does not object to this request. The court finds that good cause has been shown to grant plaintiff's request that the cost of the filing fee be reimbursed to the plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (Doc. 16) is granted, and the Commissioner is ordered to pay plaintiff an attorney fee in the amount of $1,438.12.

IT IS FURTHER ORDERED that plaintiff's motion for reimbursement of the expense of the filing fee of $350.00 is granted. The Commissioner is ordered to pay plaintiff $350.00 for the costs of this action from the Judgement Fund administered by the Treasury Department.

Dated this 21st day of June 2011, Topeka, Kansas.

S/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge